**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:22-cv-0481 (CJN) |
| UNITEDHEALTH GROUP INCORPORATED and CHANGE HEALTHCARE INC., | |
| *Defendants*. | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SET A TRIAL DATE AND ENTER A CASE SCHEDULE

Plaintiffs seek to prevent United Health Group Incorporated ("United"), which owns the largest health insurer in the United States, from acquiring Change Healthcare Inc. ("Change"), the nation's leading independent supplier of vital technologies relied upon by United's rival health insurers to compete with United. Defendants' proposed transaction is likely to substantially lessen competition in commercial health insurance markets, stifle innovation for critical healthcare claims technologies, and reduce American consumers' access to affordable, quality health insurance. At trial, Plaintiffs intend to demonstrate, *inter alia*, that the proposed transaction would give United access and rights to a vast amount of its rival health insurers' competitively sensitive information, enabling United to conduct competitive surveillance, use that information to its advantage, and harm competition in health insurance markets. Plaintiffs further intend to demonstrate that the proposed transaction would eliminate United's only major rival for first-pass claims editing technology—a critical product used to efficiently process health insurance claims and save health insurers billions of dollars each year—and tend to give United a

1

monopoly in that market. Given the significant issues at stake, Plaintiffs need sufficient time for discovery and pretrial preparation so they can try their case based on a fully developed record. Instead, Defendants, without any legitimate justification, seek to rush to trial in just over three months, unreasonably curtailing the length and scope of fact and expert discovery in a way that would prejudice Plaintiffs—who, unlike Defendants, bear the ultimate burden of proof and have never employed any of the key witnesses in the case.[1] Astonishingly, Defendants propose this rushed schedule while their transaction and their defenses are a moving target. They ask for this schedule while retaining the option to add changes such as divestitures and behavioral commitments that they may claim would remedy the anticompetitive effects of their merger.

Plaintiffs want to proceed to trial expeditiously. For this reason, Plaintiffs sent Defendants their proposed Case Management Order (including their proposed schedule) and proposed protective order the same day they filed their complaint. Plaintiffs have negotiated with Defendants in good faith and have agreed to significant modifications to the draft Case Management Order, including modifying the order of serving expert reports and moving their initial proposed trial date forward by several weeks. In their revised proposal, Plaintiffs even eliminated a requirement for a separate discovery schedule related to any proposed remedy Defendants may offer and instead added a deadline for Defendants to notify Plaintiffs of any proposed remedy so Plaintiffs would have time to conduct discovery, if such a proposal is made. With these adjustments, Plaintiffs have reduced their schedule as far as they can without prejudicing their ability to prepare their case for trial.

Plaintiffs propose an aggressive schedule, which contemplates only four months for fact

---

[1] Notably, Defendants, contrary to this Court's Standing Order, filed this motion prior to filing their answer which would provide Plaintiffs and the Court greater clarity into Defendants' defenses (including any potential remedy) and their impact on discovery.

discovery, less than two months for expert discovery, and concurrent pretrial preparation while setting a trial-ready date of August 24. Plaintiffs, however, object to Defendants' attempt to force this case to an earlier trial, because it would deny Plaintiffs a full and fair opportunity to conduct the discovery necessary to try their case and to test the defenses. Plaintiffs therefore respectfully request the Court deny Defendants' motion and instead enter Plaintiffs' proposed case schedule, attached as Exhibit A. Plaintiffs currently anticipate that trial of their case will take 12 days.

## BACKGROUND

United and Change submitted their Hart-Scott-Rodino filing for the proposed transaction on January 19, 2021. The United States opened an investigation into the transaction shortly thereafter. From the outset, the investigation was delayed by Defendants' slow and inadequate responses. The United States also encountered numerous deficiencies in Defendants' production of documents and data, which the United States brought to Defendants' attention throughout the investigation. Ex. B (2/23/22 Letter from E. Welsh). United repeatedly stonewalled Plaintiff on its inquiry of United's rights to access and use data obtained from others. Those deficiencies resulted in delays in the United States' ability to review the transaction. In addition, Defendants obstructed the United States' investigation by withholding thousands of documents on privilege grounds and clawing back many documents—often in the middle of depositions—based on specious privilege assertions. Ultimately, the United States, along with Minnesota and New York, determined they must file an action to block the proposed transaction.

Plaintiffs filed their complaint on February 24, 2022. ECF 1. That same day, Plaintiffs sent a proposed Case Management Order to Defendants, proposing a trial date beginning 186 days after the Court's entry of the Case Management Order. Ex. C (2/24/22 Email from J. Keeney). About a week later, Defendants sent their own draft Case Management Order,

significantly limiting the scope of discovery afforded to Plaintiffs and including a drastically

abbreviated case schedule with a contemplated trial date of June 20. Ex. D (3/2/22 Email from A.

Sidrys). In the ensuing days, Plaintiffs engaged extensively with Defendants on scheduling and

the discovery needs of this case. Plaintiffs made numerous compromises and adjustments,

including offering an earlier proposed trial date of August 24. Ex. E (3/7/22 Email from J.

Keeney).[2] Defendants instead insisted Plaintiffs either agree to a mid-July trial date, or

Defendants would file a motion reverting to their initial position of a June 20 trial date. Ex. F

(3/8/22 Email from A. Sidrys). Plaintiffs refused to agree to Defendants' mid-July proposal

because, just as their June trial date, it would not afford Plaintiffs the time they need to prepare

this case for trial, Ex. G (3/8/22 Email from J. Keeney), and Defendants filed this motion.

## ARGUMENT

I.    **Defendants' Request to Enter a Trial Date and Case Schedule Is Premature.**

Defendants want to set an unreasonably fast trial date first, then figure out how to cram in

everything that needs to be done. That process is backwards. Plaintiffs recommend identifying

all that is necessary to prepare this important case for trial, on a fast, but reasonable schedule,

then let the needs of the case dictate the schedule. Plaintiffs have made such a complete proposal.

Defendants declined to negotiate with Plaintiffs over the scope of discovery and other

pretrial preparation to arrive at a reasonable trial date. Instead, Defendants filed this motion

prematurely in a rush to secure their unreasonable trial date, which would significantly limit

Plaintiffs' discovery and pretrial preparation. Defendants' approach would have decisions

regarding the trial schedule be made without the benefit of determining what needs to occur for

---

[2] Plaintiffs also later offered an August 17 trial date if Defendants agreed to not file dispositive
motions, which would necessarily require additional time for briefing and for the Court to
resolve prior to trial. Ex. G (3/8/22 Email from J. Keeney).

the case to be properly and efficiently prepared for trial. This is inconsistent with the Court's Standing Order.

Defendants' request is inefficient and prejudicial to Plaintiffs. Defendants should work with Plaintiffs to arrive at a schedule that reflects the needs of the case as reflected in the Case Management Order, and not the other way around—reducing or eliminating discovery to meet an arbitrary and unreasonable trial date. Tellingly, in negotiating the proposed Case Management Order, Defendants proposed significant limitations on Plaintiffs' ability to conduct discovery. For example, in negotiations prior to the filing of the motion, Defendants have taken the following positions:

- Plaintiffs may not propound any requests for production of documents;

- Plaintiffs are entitled to fewer non-expert depositions than Defendants;

-  Plaintiffs must serve their initial expert reports before fact discovery closes;

- Plaintiffs' expert rebuttal reports must be limited to 10 pages and Plaintiffs have only one week to respond to Defendants' expert reports, including on subjects where Defendants bear the burden—any purported efficiency and remedies.

Ex. D (Defendants' 3/2/22 Draft Case Management Order). Besides unfairly restricting Plaintiffs' right to discovery, these disputes over the Case Management Order are inextricably intertwined with the deadlines in the case schedule and should be resolved together.

## II.     **Defendants' Proposed Trial Date and Case Schedule Deprive Plaintiffs Adequate Time for Discovery and Pretrial Preparation.**

Merger cases involve complex legal, factual, and economic issues that are necessary to answer the ultimate question on which Plaintiffs bear the burden of proof: whether the effect of Defendants' proposed merger "may be substantially to lessen competition." 15 U.S.C. § 18. To prepare their case for trial, Plaintiffs need discovery from Defendants, various third parties

(including Defendants' competitors), and expert witnesses.

While Plaintiffs accomplished significant work during the investigation,[3] much still remains to be done. It is this prelitigation investigation that makes it possible for Plaintiffs to propose their aggressive schedule. But an investigation to decide whether to bring a case is not the same as the discovery and pretrial procedures that enable the full and fair presentation of a case to the Court. Courts have long recognized that a government agency's pre-complaint investigation is not a substitute for, nor should it limit, post-complaint discovery. *See, e.g.*, *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("Here, even though the [agency] had already conducted a pre-filing investigation, . . . 'there is no authority which suggests that it is appropriate to limit the [agency]'s right to take discovery based upon the extent of its previous investigation into the facts underlying its case.'" (internal citation omitted)).

Plaintiffs need a reasonable amount of time and the full slate of traditional discovery tools to take additional, targeted discovery to prepare their case for trial. For example:

- Defendants will likely offer certain remedies that purport to alleviate the anticompetitive harm caused by the proposed transaction. Only limited discovery has been conducted on what they have proposed to date and additional discovery will be required for any final proposals.

- Defendants have reassigned employees since the investigation began, requiring additional document discovery and depositions regarding Defendants' plans and operations.

- Defendants' document production during the investigation largely concluded in September 2021. A refresh production as to current competitive activities of Defendants

---

[3] For example, at the outset of the investigation, the United States considered nine product areas for Change and eleven product areas for United. Through the course of the investigation, the United States was able to narrow the product areas at issue to the four alleged in the Complaint.

and non-parties is necessary.

- Document discovery is needed into areas of Defendants' businesses that were not explored fully during the investigation and that are relevant to Plaintiffs' claims or potentially to Defendants' defenses, including Defendant United's rights to use data.

- During the investigation, Defendants withheld or redacted hundreds of thousands of documents as privileged and then clawed back additional documents during depositions. The United States has repeatedly objected to Defendants' sweeping privilege claims, which may require motions to compel to resolve.

- As in a typical merger case, expert testimony will be an important component of Plaintiffs' case. Plaintiffs' proposed schedule provides sufficient time to fully develop and explore both sides' expert opinions.

- Both sides contemplate taking numerous fact depositions, including of third parties. Plaintiffs' schedule provides sufficient time for taking those depositions. By contrast, Defendants' proposed schedule contemplates taking 55-80 depositions over the course of 35 business days, requiring the parties to take multiple depositions per day.

Defendants also significantly overstate the time Plaintiffs had to investigate this transaction. The investigation lasted 13 months in large part due to Defendants' failure to cooperate and lengthy delays and deficiencies in Defendants' production of necessary data and documents, which required significant effort from the United States to resolve. Ex. B (2/23/22 Letter from E. Welsh). For example, it took United two months to produce organizational charts for UnitedHealthcare, its health insurance subsidiary. Similarly, the investigation period was formally extended because United delayed 10 weeks in producing data it was required to provide to Plaintiffs. Accounting for Defendants' delays, Plaintiffs received only a fraction of that time to

review Defendants' produced materials and assess the proposed transaction.

Further, Defendants attempt to cast themselves as the underdog is without merit. Defendants' argument that they are more disadvantaged by their compressed schedule could not be further from the truth. The overly abbreviated schedule proposed by Defendants gives them a tactical advantage as the side that possesses information that the other needs to prove its case, has had control and access to key documents and witnesses since before the investigation began, and does not bear the ultimate burden at trial. Additionally, Plaintiffs' purported "manpower" is nothing compared to the resources of four of the nation's largest law firms that appear in Defendants' signature block in this case.

III.    **Plaintiffs' Proposed Trial Date and Case Schedule Is Reasonable Compared to Other Merger Cases of Similar Breadth.**

Plaintiffs' proposed case schedule accords with recent merger cases (including those without vertical claims or dispositive motions) brought by the United States over the last six years. *See infra* Table 1. The average time to trial in those cases is approximately 166 days. Here, Plaintiffs request 15 additional days because Plaintiffs' vertical and horizontal claims, Defendants' potential proposed remedies, and Defendants' request for dispositive motion briefing add additional issues for discovery and pretrial preparation. Defendants' request for dispositive motion briefing sets this case apart from the typical merger case—defendants usually waive dispositive briefing to expedite trial. Plaintiffs even offered to move up their proposed trial date, if Defendants waived dispositive briefing, but Defendants declined. Plaintiffs thus need additional time in this case, above the average time to trial in a typical merger case.[4]

---

[4] Defendants' proposed schedule provides for the filing of dispositive motions just 20 days before the start of trial, which does not provide sufficient time for the completion of briefing before trial, let alone for the Court to rule on any such motion.

*Table 1:  United States Merger Litigation (2016 to Present)*

| Case Name (Court) | Complaint Filed | Scheduled Time to Trial |
|---|---|---|
| UnitedHealth Group Incorporated (this case) | Feb. 24, 2022 | 181 days (Plaintiffs' proposal) 116 days (Defendants' proposal) |
| U.S. Sugar Corp. (D. Del.) | Nov. 23, 2021 | 139 days |
| Bertelsmann Se & Co. (D.D.C.) | Nov. 2, 2021 | 272 days |
| Aon Plc (D.D.C.) | June 16, 2021 | 155 days |
| Visa Inc./Plaid Inc. (N.D. Cal.) | Nov. 5, 2020 | 235 days |
| Sabre Corp. (D. Del.) | Aug. 20, 2019 | 160 days |
| Quad/Graphics, Inc. (N.D. Ill.) | June 20, 2019 | 147 days |
| AT&T, Inc. (D.D.C.) | Nov. 20, 2017 | 119 days |
| Energy Solutions, Inc. (D. Del.) | Nov. 16, 2016 | 159 days |
| Deere & Company (N.D. Ill.) | Aug. 31, 2016 | 180 days |
| Aetna Inc. (D.D.C.) | July 21, 2016 | 137 days |
| Anthem, Inc. (D.D.C.) | July 21, 2016 | 123 days |
| **Average (excluding this case)** | | **Approx. 166 days** |

   In support of their compressed case schedule, Defendants present a chart of nine cherry-picked cases litigated over the previous 22 years. But, the chart contains only three merger cases with shorter case schedules than the one they have proposed here—and all three cases were filed over 18 years ago. Defendants' other cherry-picked cases demonstrate that their proposed case schedule is unreasonably short; the average time to trial in those cases (from 2015 to 2019) is about 138 days, over three weeks longer than Defendants' proposed time to trial in this matter.

   Defendants rely heavily on *United States v. AT&T* to support their compressed schedule. In *AT&T*, however, the court adopted an expedited schedule in order to decide the case before the parties' merger agreement was slated to expire. Defs.' Mem. to Set Trial Date at 2, *United States v. AT&T Inc.*, No. 17-cv-2511 (D.D.C. Nov. 28, 2017), ECF 22 (defendants' proposed case schedule "would leave approximately 45 days before expiration of the merger agreement on April 22, 2018"). By contrast, Defendants do not contend the expiration of their merger

agreement or any other factor requires a June 20 trial date or unreasonably compressed schedule.

## IV.    Defendants Offer No Legitimate Rationale for Their Condensed Case Schedule and Premature Trial Date.

The only rationale Defendants offer for requesting such an abbreviated schedule is that it would be beneficial to their companies and shareholders. Defendants' purported rationale is true in every merger case (and in many civil cases for that matter), but nonetheless the overwhelming majority of those cases take significantly longer to reach trial than what Defendants propose here. Expediency for business purposes should not trump Plaintiffs' right to adequate discovery and pretrial preparation—particularly in a merger challenge where the nation's largest health insurer would obtain the right to use data about its competitors, which is likely to substantially lessen competition in health insurance markets. Further, Defendants' insistence on a June 20 trial date is undercut by their willingness to settle for a mid-July trial date. Ex. F (3/8/22 Email from A. Sidrys). Just as Defendants would not be prejudiced by an additional month, they also would not be prejudiced by the two additional months proposed by Plaintiffs. Defendants' amorphous business interests do not justify depriving the Court and Plaintiffs of the time needed to prepare for trial.[5]

## V.    Plaintiffs Anticipate Their Case Will Take 12 Days.

At this time, Plaintiffs anticipate their case will take 12 days. Plaintiffs need a trial of this length to adequately present their case and to address Defendants' affirmative defenses and any proposed remedies.

---

[5] *See* Ex. H (11/5/02 Hr'g Tr., *United States v. Echostar Communications Corp.*, No. 02-2138 (D.D.C.) (Huvelle, J.)) (explaining an overly abbreviated schedule in an antitrust merger trial "is not something that anyone would consider the ordinary or desirable way for a judicial proceeding to proceed" and refusing to "abide by" such a schedule in a subsequent merger case.).

Dated: March 10, 2022

Respectfully submitted,

/s/ Jeremy C. Keeney
Jeremy C. Keeney (D.C. Bar No. 1029015)
Eric D. Welsh (D.C. Bar No. 998618)
Ashley D. Kaplan
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Telephone: (202) 372-5922
Fax: (202) 307-5802
Email: Jeremy.Keeney2@usdoj.gov


*Attorneys for United States of America*

/s/ Elizabeth Odette
Elizabeth Odette
James W. Canaday
Jason Pleggenkuhle
Katherine Moerke
Office of the Minnesota Attorney General
Consumer, Wage and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Telephone: (651) 757-1028
Email: elizabeth.odette@ag.state.mn.us


*Attorneys for State of Minnesota*

/s/ Olga Kogan
Christopher D'Angelo (D.C. Bar No. 502220)
Olga Kogan
Benjamin J. Cole
Elinor R. Hoffmann
Amy E. McFarlane
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov


*Attorneys for State of New York*