UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED<br>and<br>CHANGE HEALTHCARE INC.,<br><br>*Defendants*. | Civil Action No. 1:22-cv-0481 (CJN) |

**[JOINT PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER**

(1)     Definitions.  The following definitions apply to this Order:

(a)     "Defendants" means UnitedHealth Group Incorporated ("United") and Change Healthcare Inc. ("Change") and any other defendant named in the above-captioned case.

(b)     "Proposed Transaction" means UnitedHealth Group Incorporated's proposed acquisition of Change Healthcare Inc.

(c)     "Claims Editing Divestiture" means the divestiture of Change Healthcare Inc.'s claims editing business, including ClaimsXten software.

(d)     "Party" or "Parties" means any individual Plaintiff or any Defendant in the above-captioned action, or Plaintiffs and Defendants collectively.

(e)     "Plaintiffs" mean the United States of America and the Plaintiff States, and all of their employees, agents, and representatives.

(f)     "Plaintiff States" means the State of Minnesota, the State of New York, and any other state named as a plaintiff the above-captioned case.

1

   (g) "Relevant Materials" means (A) documents; (B) data; (C) communications and correspondence; (D) transcripts of testimony; and (E) witness statements, including draft and final versions of declarations and affidavits, letters relating to draft and final versions of declarations and affidavits, and transcripts.

  (2) <u>Service of Complaint</u>.  Counsel have accepted service of the Complaint on behalf of Defendants and have waived formal service of a summons.

  (3) <u>Jurisdiction and Venue</u>.  Defendants consent to personal jurisdiction and venue in this Court in the above-captioned case.

  (4) <u>Discovery Conference</u>.  The Parties' consultations about this Order and submission of this Order satisfy their obligations under Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(c), and no further consultation is required before commencing discovery.

  (5) <u>Completion of Proposed Transaction</u>.  Defendants have agreed that they will not close, consummate, or otherwise complete UnitedHealth Group Incorporated's proposed acquisition of Change Healthcare Inc. any earlier than 12:01 a.m. on the tenth day following the entry of judgment by the Court and only if the Court enters an appealable order that does not prohibit consummation of the transaction.

  (6) <u>Notice of Claims Editing Divestiture.</u> Within one business day of entering into an agreement for the Claims Editing Divestiture, Defendants will provide Plaintiffs with a copy of the agreement. If such agreement has not been entered into by April 29, the Parties will meet and confer, if necessary, to ensure Plaintiffs have adequate discovery of the divestiture buyer.

  (7) <u>Dispositive Motions.</u>  Due to the compressed schedule before trial, the Parties agree that no motion to dismiss will be filed in this action.  The Parties reserve their rights to file other dispositive motions, including motions for summary judgment.

(8)     <u>Discovery of Confidential Information</u>.  Discovery and production of confidential information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders shall be included with any discovery requests, notices, or subpoenas directed to non-Parties.

(9)     <u>Case Schedule</u>. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following schedule:

| Event | Date |
| --- | --- |
| Fact Discovery Begins | Mar. 22 |
| Parties exchange preliminary fact witness lists | Mar. 30 |
| Parties exchange supplemental fact witness lists | May 11 |
| Dispositive motions (if any) due on or before (opposition briefs due 3 weeks after any such filing) | June 3 |
| Plaintiffs to serve any Initial Expert(s) Reports(s) | June 6 |
| Deadline for the production of Backup Materials for Initial Expert(s) Report(s) | June 7 |
| Parties exchange final fact witness lists | June 8 |
| Close of fact discovery | June 21 |
| Defendants to serve any Expert(s) Report(s) | June 27 |
| Deadline for the production of Backup Materials for Defendants' Expert(s) Report(s) | June 28 |
| Parties exchange initial exhibit lists | June 30 |
| Parties exchange opening deposition designations | July 1 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on the Party's exhibit list and all depositions of that non-Party that have been designated by any Party.  Parties must inform non-Parties that they should provide notice to the Parties, pursuant to the Protective Order, of whether that non-Party objects to the potential public disclosure at trial of that non-Party's documents and depositions, explain the basis for any such objections, and propose redactions where possible. | July 5 |
| Each side exchanges its objections to the other side's opening deposition designations and provide their deposition counter-designations | July 7 |
| Close of Supplemental Discovery | July 8 |
| Each side exchanges its objections to the other side's exhibits, including confidentiality objections | July 11 |
| Each side exchanges its objections to the other side's deposition counter-designations and provide their counter-counter-designations | July 11 |
| Non-Parties provide notice whether they object to the potential public disclosure at trial of any non-Party documents and depositions, explain the basis for any such objections, and propose redactions where possible | July 12 |

| Event | Date |
|---|---|
| Motions *in limine* due | July 13 |
| Plaintiffs to serve any Rebuttal Expert(s) Report(s) | July 13 |
| Deadline for the production of Backup Materials for Rebuttal Expert(s) Report(s) | July 14 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit list | July 15 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | July 15 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit list and non-Party depositions | July 15 |
| Oppositions to motions *in limine* due | July 20 |
| Joint submission regarding disputes about admissibility of trial exhibits, confidentiality issues, and deposition designations | July 20 |
| Pretrial briefs due | July 20 |
| Close of expert discovery; Parties exchange any further additions to exhibit lists, limited to materials contained in any expert report and used as exhibit(s) in any expert deposition | July 25 |
| Final pretrial conference | July 27 |
| Trial begins (12 days) | Aug. 1 |
| Post-trial briefs and proposed findings of fact and conclusions of law due | Parties will propose timing at the final pretrial conference. |

(10)     Initial Disclosures.  The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1), as set forth in the Protective Order.

(11)     Statement Regarding Local Civil Rule 16.3(c)(3):  Assignment to Magistrate Judge. The Parties do not believe at this time that this matter should be assigned to a magistrate judge for all purposes, including trial.

(12)     Statement Regarding Local Civil Rules 16.3(c)(4) and (5): Settlement Possibilities and ADR.  The Parties have engaged in good faith settlement negotiations but despite their efforts, have been unable to settle the matter.  Plaintiffs do not believe that this case would benefit from mediation.  Defendants believe this case could benefit from mediation because, among other reasons, they will divest Change's claims editing business.

(13)    <u>Timely Service of Fact Discovery and Supplemental Discovery</u>.  All discovery, including discovery served on non-Parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-Parties, related to any person identified on a Party's final fact witness list who was not identified on that Party's preliminary or supplemented preliminary fact witness lists (including document and deposition discovery related to entities related to any such person). Depositions that are part of Supplemental Discovery must be noticed within 7 days of exchanging the final fact witness lists.

(14)    <u>Written Discovery on Parties.</u>

(a)    <u>Document Requests</u>. There is no limit on the number of requests for the production of documents that may be served by the Parties. The Parties must serve any objections to requests for production of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to resolve in good faith any objections and to agree on custodians to be searched. The parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues beginning no later than 14 days after service of the request for production.

(i.)    The Parties must make good-faith efforts to substantially complete responsive productions no later than 28 days after service of the request for production. Should any objections or custodian issues remain unresolved for 14 days or more after service of the

request for production, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or custodian issues.

(ii.) Notwithstanding any other part of this paragraph, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within 3 business days after the requests are served; (ii) produce responsive documents (that are not subject to objections) no later than 7 days after the requests are served; and (iii) produce documents that were subject to objections no later than 7 days after resolution of objections.

(iii.) None of the Parties must preserve or produce in discovery the following categories of documents:

1. documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by Plaintiffs); and

2. documents or communications sent solely between inside counsel (acting in a purely legal capacity), or between inside counsel (acting in a purely legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel).

(iv.) None of the Parties must preserve or produce in discovery the following categories of electronically stored information for this matter:

1. voicemail messages, except in the case where they are contained within the Parties' e-mail systems;

2. e-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., iPhone handheld), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere for potential production in discovery;

3. other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

4. temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located; and

5. server, system, or network logs.

(b) <u>Data Requests</u>. In response to any requests where data or data compilations are responsive, the Parties will meet and confer in good faith regarding the requests and will work in good faith to address questions or issues relating to data, including upon reasonable request and notice, making employees knowledgeable about the content, storage, and production of data available for informal consultations during the meet-and-confer process. Throughout the meet-and-confer process, the Parties will work in good faith to complete production of data or data compilations within 28 days after service of the requests for production.

(c) <u>Interrogatories</u>. Interrogatories are limited to 25 (including discrete subparts) by Plaintiffs collectively to each Defendant, and to 25 (including discrete subparts) by Defendants collectively to each Plaintiff. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties

must make good-faith efforts to provide complete answers to interrogatories no later than 21 days after service of the interrogatories.

(d) <u>Requests for Admission.</u> Plaintiffs collectively may serve up to 10 requests for admission on each Defendant and Defendants collectively may serve up to 10 requests for admission on each Plaintiff. The Parties must serve any objections to requests for admission within 7 business days after the requests for admission are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete responses to requests for admission no later than 21 days after service of the requests for admission.

(15) <u>Rule 45 Subpoenas on Non-Parties.</u> The Parties will in good faith cooperate with each other with regard to any discovery to non-Parties in an effort to minimize the burden on non-Parties. Each Party must serve a copy of any subpoena to a non-Party on the other Parties before, or at the same time as, the subpoena is served on the non-Party. Every subpoena to a non-Party shall include a cover letter requesting that (a) the non-Party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (b) the non-Party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-Party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-Party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-Party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the

other Parties with (i) a copy of any written communication (including email) with any non-Party concerning the non-Party's response to or compliance with any subpoena, including any extensions or postponements, within 36 hours of the communication; and (ii) a written record of any oral or written modifications to the subpoena, within 36 hours of the modification.

(16)     <u>Depositions</u>.  Plaintiffs collectively are entitled to 35 depositions of non-expert witnesses, and the Defendants collectively are entitled to 35 depositions of non-expert witnesses. The following depositions do not count against the deposition caps imposed by the preceding sentences:  (a) depositions of any persons identified on a Party's final fact witness list who were not identified on that Party's preliminary or supplemental fact witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; (d) the 2-hours of deposition time afforded to non-noticing parties; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

(a)     Parties will make a good faith effort to make witnesses available for depositions upon 10 business days' notice.  If depositions are conducted remotely, they shall be conducted in accordance with the Parties' November 10, 2021 remote deposition letter, unless the Parties agree otherwise.

(b)     If a Party serves a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party

9

serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-Party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent.

(c) Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-Party depositions, the non-noticing side will receive two hours examination time. If a non-Party deposition is noticed by both sides, then time will be divided equally between the sides, and the deposition of the non-Party will count as one half of a deposition for both sides. Any time allotted to one side not used by that side in a non-Party deposition may not be used by the other side, unless both sides agree. Any objection made by any Party in a deposition preserves that objection for every Party. Notwithstanding any other provisions in this paragraph, if a Plaintiff notices the deposition of a non-Party (including an employee of a non-Party) to or with which a Defendant has made a commitment or agreement (including an agreement to divest or license assets) to sell Change's claims-editing business, then the Plaintiff will receive 7 hours of examination time for the deposition.

(17) <u>Evidence from a Foreign Country</u>.  Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.  For any non-Party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in Paragraph (16)(a) of this Order, and any such deposition may be

conducted under United States law. For any Party witness who resides outside the United States and is included on the witness lists of any Party, each Party agrees to make a good faith effort to make such witness available either for a remote deposition or an in-person deposition in the United States at a location convenient for the individual and as agreed to by the Parties. This paragraph does not apply to documents produced to the United States during its investigation of the Proposed Transaction before the Complaint was filed.

(18)   *Privilege Logs*.  The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent to or from outside counsel for Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs); (3) documents or communications sent solely between counsel for the Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state); (4) documents or communications sent solely between counsel for any state(s) (or persons employed by or acting on behalf of the office of the attorney general of any state(s)); (5) documents or communications sent solely among inside counsel (acting in a purely legal capacity), or inside (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant; (6) privileged draft contracts; (7) privileged draft regulatory filings; and (8) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the producing Party will insert a placeholder to indicate a document has been withheld from that family. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document

or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

(19) <u>Presumptions of Authenticity</u>. Documents produced by Parties and non-Parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

(20) <u>Expert Witness Disclosures and Depositions</u>. Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

    (a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

        (i.) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

1. between any Plaintiffs or any Defendant's counsel and the Plaintiffs' or the Defendants' own testifying or non-testifying expert(s);

2. between any agent or employee of any Plaintiff's or Defendant's counsel and the Plaintiffs' or the Defendants' own testifying or non-testifying expert(s);

      3. between testifying and non-testifying experts;

      4. between non-testifying experts; or

      5. between testifying experts;

    (ii.) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

    (iii.) the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

    (iv.) drafts of expert reports, affidavits, or declarations; and

    (v.) data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

  (b) The Parties agree that the following materials will be provided to the other side when the expert(s) are disclosed:

    (i.) all final reports;

    (ii.) a list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

    (iii.) copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

    (iv.) a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

        (v.)    a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

        (vi.)    for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").

    (c)    The case schedule allows for Plaintiffs' Initial Expert(s) Report(s), Defendants' Expert(s) Report(s), and Plaintiffs' Rebuttal Expert(s) Report(s). Any additional supplemental report may not be served without agreement by the Parties or leave of court.

    (d)    Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph (20)(b) of this Order for all of that side's experts.

    (e)    For the avoidance of doubt, nothing in this Order precludes counsel for a Party from taking reasonable and appropriate redirect examination of their own experts or fact witnesses.

    (21)    <u>Fact Witness Lists.</u> Plaintiffs collectively are limited to 25 persons on its preliminary fact witness list, and the Defendants collectively are limited to 25 persons on their preliminary fact witness list. The preliminary witness lists must include the name, employer, address, and telephone number of each fact witness.

    (a) Preliminary fact witness lists may be supplemented on or before the date specified in the case schedule, but only if a Party had not expected to call that witness to testify when the preliminary fact witness list was exchanged.  No more than a total of 25 fact witnesses may be included on the combined preliminary and supplemental fact witness lists.  By way of example, if a Party has 25 individuals on its preliminary witness list and decided to include 2 different individuals on its supplemental witness list, it must cut 2 witnesses from the preliminary witness list so that there are no more than 25 witnesses in total.  The supplemental witness lists must include the name, employer, address, and telephone number of each fact witness.

    (b) Witnesses whose testimony will be submitted through deposition testimony will be included on each side's final witness list but will not count toward any fact witness list limits, including the right to add witnesses set forth in Paragraph 21(c).

    (c) Plaintiffs collectively are limited to 25 persons on their final fact witness list, and Defendants collectively are limited to 25 persons on their final fact witness list. Each side's final fact witness list may identify no more than 5 witnesses that were not identified on that side's supplemental fact witness list. A witness who was not identified on a side's supplemental fact witness list may be added to that side's final fact witness list based on a good faith determination by that side, and the other side reserves their rights to object to such late disclosure. If any new witnesses are added to a final fact witness list who were not on that side's preliminary or supplemental fact witness list, document discovery may be had with respect to such person(s), even if out of time, and a deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. The final fact witness lists must include the name, employer, address, and telephone number of each fact witness.

(d) In preparing preliminary fact witness lists and final fact witness lists, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial. No Party may call a person to testify as a live witness at trial unless (a) that person was identified on any Party's final fact witness list; (b) all Parties agree that that Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

(22) <u>Service of Pleadings and Discovery on Other Parties</u>. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

    For Plaintiff United States of America:

    Janet Brody (Janet.Brody@usdoj.gov)
    Travis Chapman (Travis.Chapman@usdoj.gov)
    Jeremy C. Keeney (Jeremy.Keeney2@usdoj.gov)
    Ryan Karr (Ryan.Karr@usdoj.gov)

    U.S. Department of Justice
    Antitrust Division
    450 Fifth Street, NW, Suite 4100
    Washington, DC 20530


    For Plaintiff State of Minnesota:

    Elizabeth R. Odette (Elizabeth.Odette@ag.state.mn.us)
    Office of Minnesota Attorney General
    445 Minnesota Street, Suite 1400
    St. Paul, MN 55101-2131
    (651) 728-7208

For Plaintiff State of New York:

Olga Kogan (Olga.Kogan@ag.ny.gov)
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8066


For Defendant UnitedHealth Group Incorporated:

Craig Primis (cprimis@kirkland.com)
Anne McClain Sidrys (asidrys@kirkland.com)
Matt Reilly (matt.reilly@kirkland.com)
Winn Allen (winn.allen@kirkland.com)
Jeff Ayer (jeffrey.ayer@kirkland.com)
Rich Cunningham (rich.cunningham@kirkland.com)
T.J. McCarrick (tj.mccarrick@kirkland.com)
Alexia Brancato (alexia.brancato@kirkland.com)
Sarahi Padilla (Sarahi.constantinepadilla@kirkland.com)
Kristen Farnsworth (kristen.farnsworth@kirkland.com)
Ken Sturek (ksturek@kirkland.com)

Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202-389-5000

Justin Bernick (Justin.bernick@hoganlovells.com)
Chuck Loughlin (chuck.loughlin@hoganlovells.com)
Ashley Howlett (Ashley.howlett@hoganlovells.com)
John Hamilton (john.hamilton@hoganlovells.com)

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

For Defendant Change Healthcare Inc.:

Sara Razi (sara.razi@stblaw.com)
Preston Miller (preston.miller@stblaw.com)
Abram Ellis (aellis@stblaw.com)
Daniel Owsley (daniel.owsley@stblaw.com)

Simpson Thacher & Bartlett LLP
900 G St NW, Suite 900
Washington, DC 20001

David Gelfand (dgelfand@cgsh.com)
Daniel Culley (dculley@cgsh.com)
Kathleen Bradish (kbradish@cgsh.com)
Stephen Houck (shouck@cgsh.com)

Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

(a) Alternatively, electronic service on certain parties can be completed via their respective service distribution email address, if available.

(b) For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 7:00 p.m. Eastern Time will be treated as if it was served the following business day.

(23) <u>Nationwide Service of Trial Subpoenas.</u> To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

(24) <u>Modification of Scheduling and Case Management Order.</u> Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any Party may seek modification of this Order for good cause.

SO ORDERED.

Date: March ___, 2022            _____
The Honorable Carl J. Nichols
United States District Judge