UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:22-cv-0481 (CJN) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXHIBITS OF NON-TESTIFYING THIRD PARTY WITNESSES**

## INTRODUCTION

Plaintiffs' motion *in limine* seeks to exclude relevant third-party documents, which Plaintiffs claim lack "a sponsoring witness." *See* Pls.' Mot. *in Limine* to Exclude Defs.' Exs. of Non-Testifying Third Party Witnesses ("Mot.") (ECF No. 75) at 2. Yet for all their hand-wringing about the importance of introducing exhibits through live witnesses, Plaintiffs omit from their motion that *they* requested—and received consent from UnitedHealth Group Incorporated (UHG) and Change Healthcare Inc. (Change), subject to the Court's views—to admit unobjected-to UHG and Change documents without a sponsoring witness. Plaintiffs' motion thus seems aimed at little more than excluding third-party documents that Plaintiffs perceive as harmful to their case. It is a waste of the parties' and the Court's time and resources to address documents that have not yet been offered (and may never be offered) into evidence. In any event, Plaintiffs' motion should be denied, or at a minimum deferred, because the exhibits at issue: (i) do have sponsoring witnesses; (ii) are UHG or Change exhibits; and/or (iii) are not hearsay (Fed. R. Evid. 803(6), 807) or are properly relied upon by an expert (Fed. R. Evid. 703). These grounds for admissibility are non-exhaustive, and UHG and Change are not required to lay the evidentiary foundation for nearly 100 exhibits in advance of trial.

## LEGAL STANDARD

A federal district court has "inherent authority" to entertain motions *in limine* to address evidentiary issues in advance of trial. *United States ex rel. Morsell v. NortonLifeLock, Inc.*, 567 F. Supp. 3d 248, 258 (D.D.C. 2021) (citation omitted). "In deference to their familiarity with the details of the case and greater experience in evidentiary matters, trial judges are afforded broad discretion in rendering evidentiary rulings, a discretion that extends to assessing the probative value of the proffered evidence and weighing any factors against admissibility." *1443 Chapin St., LP v. PNC Bank, N.A.*, 2012 WL 13225423, at *1 (D.D.C. Aug. 14, 2012). This discretion

"extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Id.* "[I]n some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.* (alterations in original) (citation omitted). "In the context of a bench trial in particular, the need for an advanced ruling is generally unnecessary." *Id.*

## ARGUMENT

I. **PLAINTIFFS' MOTION VIOLATES LOCAL RULE 7'S MEET-AND-CONFER REQUIREMENT.**

Plaintiffs' motion fails at the outset because it violates Local Civil Rule 7(m). Local Civil Rule 7(m) provides: "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." *See* D.D.C. L. Civ. R. 7(m). To ensure compliance with that obligation, Local Civil Rule 7(m) further requires a party "include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." D.D.C. L. Civ. R. 7(m).

Plaintiffs did not even try to comply with their meet-and-confer obligations, nor did they include in their motion a statement that those obligations were satisfied—both independent reasons to deny Plaintiffs' requested relief. "Courts in this [d]istrict have previously denied non-dispositive motions for failure to comply with Local Civil Rule 7(m)," including motions *in limine*. *See English v. Washington Metro. Area Transit Auth.*, 293 F. Supp. 3d 13, 16 (D.D.C. 2017) (collecting cases); *Abbott GmbH & Co. KG v. Yeda Rsch. & Dev. Co.*, 576 F. Supp. 2d 44, 47–49 (D.D.C. 2008). Perhaps Plaintiffs would have removed certain exhibits from their motion following a meet and confer; perhaps not. But Plaintiffs short-circuited that process, forced

2

UHG and Change to "spen[d] time and resources opposing [Plaintiffs'] motion," and have made it impossible for the Court to "determine the likelihood that an agreement may have been reached." *See Abbott GmbH*, 576 F. Supp. 2d at 49. Plaintiffs' motion should be denied.

## II. PLAINTIFFS' PREMATURE AND OVERBROAD REQUEST TO EXCLUDE RELEVANT THIRD-PARTY DOCUMENTS SHOULD BE DENIED.

Plaintiffs' motion prematurely and improperly asks for a pre-trial ruling that 99 exhibits are not admissible in *any* form for *any* reason with *any* witness. Such a sweeping ruling is premature at this stage, to say nothing of the fact that many of those exhibits have sponsoring witnesses, are admissible, or otherwise may be relied upon by the parties' experts. *See 1443 Chapin St.*, 2012 WL 13225423, at *2 ("Ruling on [the] Motion *in Limine* at this time would . . . require the Court to pile hypothetical upon conjecture upon speculation.").

*First*, Plaintiffs' motion must be denied as to UHG or Change documents, documents that do have a sponsoring witness at trial (whether via a live witness or deposition designations), or documents nearly-identical to those for which a foundation already has been established:

- **Party Documents**: Although bearing a third-party Bates stamp, certain documents challenged by Plaintiffs are from UHG or Change (or their predecessors and affiliates), including presentations, letters, and contracts given to third parties or audits. *See* DX-0008; DX-0255; DX-0277; DX-0278; and DX-0755. Other exhibits are summary exhibits of commitment letters mailed to, and executed by, Change customers, templates of which appear on Plaintiffs' own exhibit list. *Compare* DX-0765, DX-0766, *and* DX-0767, *with* PX-0700. Plaintiffs' motion should be denied as to these documents.

- **Deposition Documents**: Contrary to Plaintiffs' assertion that "Exhibit A does not include documents from third parties for which deposition testimony has been designated," Mot. at 2 n.1, it clearly does. DX-0012, DX-0015 to DX-0016, DX-0026, and DX-0033 were used and designated, including in one instance by Plaintiffs themselves, in the testimony to be submitted from Anthem's Rule 30(b)(6) deposition. Moreover, DX-0022 to DX-0025 and DX-0028 to DX-0030 are simply versions of the firewall policy contained at DX-0026 for various Anthem subsidiaries. There is no question that these documents are authentic, *see* Scheduling & Case Management Order (ECF No. 42) ¶ 19, and it is unclear what additional relevant foundation or context is needed for the admission of these documents. Plaintiffs' motion therefore should be denied as to these documents.

- **Live Witness Documents**: Plaintiffs also have objected to exhibits that could be used with fact witnesses at trial. Specifically, Plaintiffs have objected to Aetna-related documents, even though an Aetna employee is one of Plaintiffs' first live witnesses, *see* DX-0008; DX-0758; Cigna documents, even though a Cigna employee is one of Plaintiffs' first live witnesses, *see* DX-0757; and documents used in the Rule 30(b)(6) deposition of the U.S. Department of Health & Human Services—a UHG and Change trial witnesses—that are part of the administrative record on the transparency rules relevant to this case, *see* DX-0756; DX-0757; DX-0758.

***Second***, the challenged documents are admissible. Setting aside the many non-truth purposes for these documents, the lion's share of the exhibits Plaintiffs seek to exclude are contractual agreements, descriptions of EDI and payment integrity services, internal business strategy documents and discussions, or data reflecting claims transactions that qualify as business records under Federal Rule of Evidence 803(6), and are of the same kind that Plaintiffs wish to admit without sponsoring witnesses from UHG and Change. *See* DX-0001; DX-0009 to DX-0011; DX-0013; DX-0017 to DX-0020; DX-0032; DX-0034 to DX-0055; DX-0251 to DX-0254; DX-0257; DX-0268 to DX-0269; DX-0272; DX-0274; DX-0276; DX-0279 to DX-0293; DX-0405; DX-0735 to DX-0738. Plaintiffs do not seriously dispute that these documents are business records. Instead, they make a "show your work" challenge, arguing that UHG and Change must lay foundation through witness testimony for every third-party document that UHG and Change seek to admit. But Plaintiffs fail to identify a single example of any document that they (or the Court) would not be able to understand without foundational or other testimony, and Plaintiffs' approach here is notably inconsistent with their own intention to introduce hundreds of UHG and Change documents without sponsoring witnesses.

The challenged exhibits also are admissible under Federal Rule of Evidence 807, which allows the admission of hearsay statements "supported by sufficient guarantees of trustworthiness" that are "more probative on the point for which [they] [are] offered than" other available evidence. *See* Fed. R. Evid. 807. Here, the documents at issue in Plaintiffs' motion

4

"were written during the normal course of business, they are straightforward, brief, and unambiguous, and the [authors] are not parties to this action. Above all, there is absolutely no evidence to suggest . . . that the [document] writers ha[d] any motive to support the position" of Plaintiffs, on the one hand, and UHG or Change, on the other. *See SEC v. Prince*, 2012 WL 13076352, at *1 (D.D.C. Dec. 6, 2012). The Court has recognized that "[t]he availability of nationwide service of process" under 15 U.S.C. § 23 "does not make a witness who is otherwise 'unavailable' for purposes" of the Federal Rules "available," and has required the parties to "minimize the burden on non-[p]arties" to this litigation. *See* Scheduling & Case Management Order (ECF No. 42) ¶¶ 15, 23; *see Prince*, 2012 WL 13076352, at *2 ("[T]he authors of the letters are not available to testify at trial . . . ."). Plaintiffs have not explained in concrete terms what necessary, additive information third parties could provide if called to testify. Their motion elevates form over substance, and as a consequence it should be denied or, at minimum, deferred.

***Third***, although unacknowledged in Plaintiffs' motion, the parties' experts are free to disclose inadmissible evidence on which they rely in the course of a bench trial. As the Supreme Court has explained, in bench trials, "the Federal Rules place no restriction on the revelation" of otherwise inadmissible "information to the factfinder. *See Williams v. Illinois*, 567 U.S. 50, 69 (2012) (plurality opinion). "When the judge sits as the trier of fact, it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose." *See id.*; *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 454–55 (S.D.N.Y. 2016) (citation omitted). At least some of the challenged exhibits already have been relied upon by the parties' experts. *See* DX-0015 to DX-0016; DX-0026; DX-0031 to DX-0033; DX-0755 to DX-0759; DX-0765 to

DX-0767; DX-0769; DX-0775.  And others may be used as expert discovery progresses or at trial.  It would be premature to exclude third-party materials that could be used to examine expert witnesses in deposition or at trial.  Plaintiffs' motion therefore should be denied or deferred.[1]

Nothing in *United States v. AT&T Inc.*, 310 F. Supp. 3d 161 (D.D.C. 2018) is to the contrary.  It is true that the court in *AT&T* "generally instructed the parties to seek admission of documents through sponsoring witnesses." *Id.* at 186–87.  But that general rule applied to **all** exhibits, not just third-party exhibits, and it did not apply across the board: "[t]here was not a uniform rule mandating sponsorship of documents by witnesses," and the court made exceptions on a case-by-case basis.  *Id.* at 186–87 n.12.  What the court in *AT&T* did not do is what Plaintiffs effectively request here—a broad pre-trial ruling excluding dozens upon dozens of exhibits outside the context of the trial.  Waiting until an exhibit is offered will put the Court in a better position to understand an exhibit's context, evaluate its foundation and relevance, and determine whether it constitutes hearsay.  See *1443 Chapin St.*, 2012 WL 13225423, at *1.  Deferring a ruling on the 99 exhibits in Plaintiffs' motion will preserve the time and resources of the parties and the Court, and for that reason, Plaintiffs' motion should not be granted.

## CONCLUSION

Plaintiffs' effort to categorically exclude certain third-party produced documents is overbroad, premature, and meritless.  The Court should deny Plaintiffs' motion *in limine* or defer ruling on it unless and until such exhibits are offered into evidence.

---

[1] UHG and Change do not presently intend to offer DX-0009 to DX-0011, DX-0013, and DX-0027 into evidence.  Plaintiffs' motion therefore should be denied without prejudice as to these documents, with Plaintiffs reserving any right to object to the introduction of these documents if they ultimately are offered into evidence.

Dated:  July 20, 2022

Matthew J. Reilly, P.C. (D.C. Bar No. 457884)
Craig S. Primis, P.C. (D.C. Bar No. 454796)
Richard Cunningham (D.C. Bar. No. 1644119)
K. Winn Allen, P.C. (D.C. Bar No. 1000590)
T.J. McCarrick (D.C. Bar. No. 219283)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200
matt.reilly@kirkland.com
craig.primis@kirkland.com
rich.cunningham@kirkland.com
winn.allen@kirkland.com
tj.mccarrick@kirkland.com

Alexia R. Brancato (D.C. Bar No. 1018763)
**KIRKLAND & ELLIS LLP**
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
alexia.brancato@kirkland.com

Charles Loughlin (D.C. Bar. No. 448219)
Justin W. Bernick (D.C. Bar. No. 988245)
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
chuck.loughlin@hoganlovells.com
justin.bernick@hoganlovells.com

*Counsel for Defendant UnitedHealth Group Incorporated*

Respectfully submitted,

By: */s/ Craig S. Primis*
    Craig S. Primis

Sara Y. Razi (D.C. Bar No. 473647)
Abram J. Ellis (D.C. Bar No. 497634)
Nathaniel Preston Miller (D.C. Bar No. 1021557)
**SIMPSON, THACHER & BARTLETT LLP**
900 G Street, NW
Washington, DC 20001
Telephone:  (202) 636-5500
Facsimile:  (202) 636-5502
sara.razi@stblaw.com
aellis@stblaw.com
preston.miller@stblaw.com

David I. Gelfand (D.C. Bar No. 416596)
Daniel P. Culley (D.C. Bar No. 988557)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone:  (202) 974-1500
Facsimile:  (202) 974-1999
dgelfand@cgsh.com

*Counsel for Defendant Change Healthcare Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of July 2022, a copy of the foregoing Defendants' Opposition to Plaintiffs' Motion *in Limine* to Exclude Defendants' Exhibits of Non-Testifying Third Party Witnesses was electronically transmitted to the Clerk of Court using the CM/ECF system, which will transmit notification of such filing to all registered participants.

      /s/ *Craig S. Primis*
     Craig S. Primis, P.C. (D.C. Bar No. 454796)