UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED and CHANGE HEALTHCARE INC., <br><br> *Defendants*. | Civil Action No. 1:22-cv-0481 (CJN) |

**STIPULATED ORDER ON THE USE OF
<u>CONFIDENTIAL INFORMATION AT TRIAL</u>**

WHEREAS, the Court so-ordered provisions for Confidential Information designated by Parties and non-Parties in this action in the *Stipulated Protective Order and Order Governing Production of Investigation Materials* (the "Protective Order," ECF No. 28);

WHEREAS, the Protective Order provides that the Parties will meet and confer and submit a recommended order regarding proposed procedures for "[d]isclosure at trial of documents and information designated as Confidential Information" (*id.* ¶ 44);

WHEREAS, the Protective Order provides that, "[a]bsent a ruling by the Court to the contrary, documents, deposition testimony, or other materials or information that have been designated as containing Confidential Information by a Protected Person that appear on a Party's exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information likewise will be disclosed on the public record, after compliance with procedures that will be established by the Court" (*id.* ¶ 44);

1

The Court, upon good cause shown, ORDERS as follows:

(1)     **Definitions.**  Capitalized terms in this Order shall have the same meaning as in the Protective Order.

(2)     **Burden on Protected Person Seeking Confidential Treatment.**  Any Party or other Protected Person seeking to maintain the confidentiality of information, exhibits, or testimony at trial shall bear the burden of proving to the Court that: (a) such information, exhibits, or testimony must remain confidential, and (b) any proposed redactions are narrowly tailored to protect any alleged confidential information, exhibits, or testimony.  This burden helps to ensure that the public interest in this trial being conducted in an open courtroom, except as necessary, is protected.  The Parties also reserve their respective rights to make any applicable procedural argument (e.g., waiver).

(3)     **Trial Examinations Concerning Confidential Information.**  Where appropriate confidentiality objections remain, counsel shall prepare their examinations to be mindful of the confidential information and the need to keep an open courtroom as much as possible.  In examining or cross-examining witnesses on confidential information that meets the standard set forth in Paragraph 2, counsel shall use their best efforts to conduct the examination in a manner that does not require closing the courtroom, for example by referring the Court, witnesses, and counsel to the pertinent confidential information contained in documents or demonstratives that are not themselves made public during the examination or cross-examination.  When possible, the Parties shall advise the Court in advance if either Party seeks to close the courtroom for any testimony.  If the Court agrees to close the courtroom, counsel shall sequence examination topics to minimize the number of instances in which the courtroom is closed.  Confidential designations

of a pre-trial deposition of a witness shall not be a sufficient basis to deem trial testimony from that witness or use of deposition testimony for impeachment purposes at trial to be confidential.

(4) **Trial Exhibits Containing Party Confidential Information.** The Parties may agree upon redactions in trial exhibits of confidential information or deposition testimony admitted into evidence that meets the standard set forth in Paragraph 2. *See* Protective Order ¶ 43(a). Unredacted versions of such exhibits and testimony may be submitted to the Court, admitted into evidence, and filed under seal, but the sealed portions of such materials shall not be disclosed in open court or filed publicly unless the Court rules otherwise. Any unredacted information in such agreed-upon redacted exhibits may be disclosed in open court and filed publicly.

(5) **Trial Exhibits Containing Non-Party Confidential Information**. Non-Parties and the Parties may agree upon redactions in trial exhibits of confidential information or deposition testimony admitted into evidence that meets the standard set forth in Paragraph 2. *See* Protective Order ¶ 43(b). Unredacted versions of such exhibits and testimony may be submitted to the Court, admitted into evidence, and filed under seal, but the sealed portions of such materials shall not be disclosed in open court or filed publicly unless the Court rules otherwise. Any unredacted information in such agreed-upon redacted exhibits may be disclosed in open court and filed publicly. A Party may request that the Court close the courtroom to examine a non-Party witness about information designated by that non-Party as confidential.

(6) **Procedure for Outstanding Non-Party Confidentiality Objections.** The Parties have given notice to each non-Party of all documents produced by that non-Party that are on a Party's exhibit list and all depositions of that non-Party that have been designated by a Party. In some instances, the Party that may use such material has reached agreement with the relevant non-Party about appropriate redactions of confidential information. The procedures set forth in this

Paragraph 6 shall apply to any non-Party confidentiality objections that are not resolved before trial.

      (a)    **Non-Party Confidential Information Used in Open Court.**  No later than 72 hours prior to the proposed use of non-Party documents or testimony in open court, the Parties shall identify for each non-Party any materials produced by the non-Party, including precise portions of deposition transcripts, that the Parties intend to use in open court.  If the Parties and a non-Party are unable to reach agreement as to any necessary redactions, the non-Party shall file a motion to intervene and a motion for in camera treatment no later than 48 hours prior to the proposed use of non-party materials.

      (b)    **Non-Party Confidential Information Cited in Court Filings.** For non-Party materials not used in open court but cited in briefs, proposed findings of fact, or other post-trial filings, the Parties shall identify for each non-Party any confidential information produced by the non-Party, including precise portions of deposition transcripts, cited in such post-trial filings, within 48 hours after such filings are filed under seal and served. The Parties shall propose a briefing schedule for any disputes if the Parties and a non-Party are unable to reach agreement as to any necessary redactions.

      (c)    For the avoidance of doubt, nothing in this Order shall preclude a Party from entering non-Party materials on the public record in their entirety without further notice if a Party gave notice to the non-Party and the non-Party did not object or if any such objection was resolved prior to the deadlines set forth in this Paragraph 6.

(7)    **Post-Trial Filings.**  Any materials that the Parties and relevant non-Parties agree or the Court rules may be disclosed publicly at trial may be disclosed publicly in briefs, proposed findings of fact, and other post-trial filings, notwithstanding any prior confidential designation of

such materials. For any other materials designated as confidential and cited in the Parties' respective post-trial filings, the Parties will meet and confer on any redactions necessary under the standard set forth in Paragraph 2 within three business days after such papers are filed under seal.

It is **SO ORDERED**.

Date: July 22, 2022

Carl J. Nichols
United States District Judge