UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED<br><br>and<br><br>CHANGE HEALTHCARE INC.,<br><br>*Defendants*. | Civil Action No. 1:22-cv-0481 (CJN)<br><br>**FILED UNDER SEAL**<br><br>**[REDACTED VERSION]** |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' THIRD PARTY DECLARATIONS AND TESTIMONY FROM DEFENDANTS' EXPERTS RELYING ON THOSE DECLARATIONS**

Pursuant to Federal Rule of Evidence 802, Plaintiffs United States, State of New York, and State of Minnesota, respectfully request that the Court preclude Defendants from introducing into evidence two declarations they received from ▇▇▇ executives and prohibit Defendants' experts from testifying about those declarations. Declarations are inadmissible hearsay and no exception or exclusion applies here. Further, Defendants' experts should also be precluded from testifying about these declarations because the declarations are unreliable and Defendants' experts offer no specialized knowledge about the content of the declarations. Defendants' experts should not be permitted to act as a conduit to introduce into evidence that which Defendants cannot do directly.

1

I. **Background**

On June 3, 2022, Defendants and Plaintiffs took the cross-noticed deposition of ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Pursuant to the Parties' Scheduling Order, Defendants had the opportunity to question ▓▓▓ for 3.5 hours. During their examination, Defendants questioned ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Despite having already taken ▓▓▓ deposition, on June 16, 2022, Defendants produced to Plaintiffs substantive declarations from two other ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, respectively. Defendants obtained these declarations in exchange for not requiring ▓▓▓ to produce a witness for a 30(b)(6) deposition.

II. **Defendants' Declarations Are Inadmissible Hearsay.**

Out-of-court written statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception or exclusion to the hearsay rule such statements are inadmissible. Fed. R. Evid. 802. Defendants' declarations fall squarely within the definition of hearsay: they are out-of-court, written statements offered to prove the truth of the matters asserted therein. *See United States v. Anthem, Inc.*, No. 1:16-CV-01493-ABJ, ECF No. 338 at 2 (D.D.C. Nov. 16, 2016) (excluding certain declarations because "the declarations are hearsay that do meet any of the requirements of any exception or FRE 807").

The declarations also do not meet the requirements of any hearsay exclusion or exception in the Federal Rules of Evidence. For example, the declarations are not business records because they were obtained in anticipation of litigation, not as part of a regularly conducted business activity. *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 136 n.3

(D.D.C. 2014) ("[R]ecords created in anticipation of litigation do not fall within the business records exception"); Fed. R. Evid. 803(6).

Likewise, the declarations also do not meet the "residual exception" under Fed. R. Evid. 807. Under that exception, hearsay is admissible if, among other requirements, it is "supported by sufficient guarantees of trustworthiness" and is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807. A threshold requirement of Fed. R. Evid. 807 is that "the out-of-court declarant is unavailable and that the proponent has made 'reasonable efforts' to obtain the presence of the declarant or his testimony for trial." *Partido Revolucionario Dominicano (PRD) Seccional Metropolitana de Washington-DC, Maryland y Virginia v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 311 F.Supp.2d 14, 19 (D.D.C. 2004). Defendants cannot even meet this threshold requirement as both parties have nationwide service of trial process in this case. *See* Dkt. 42 at ¶ 23; 15 U.S.C. § 23. Moreover, Defendants already had the opportunity to take the testimony of a ▮▮▮▮, and chose not to notice the deposition of the declarants. For this same reason, the declarations also do not meet the requirement that each declaration is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," Fed. R. Evid. 807—Defendants could have elicited testimony on these points through a deposition, which would have been subject to cross examination by Plaintiffs. Finally, the declarations lack "sufficient guarantees of trustworthiness" because they were obtained in exchange for not requiring a ▮▮▮▮ witness to sit for a 30(b)(6) deposition; contain only short, conclusory statements about the topics they cover; and were not subject to cross examination by Plaintiffs.

**III.    Defendants' Experts Should Be Precluded from Offering Testimony on These Declarations.**

Defendants also should be precluded from introducing the facts included in these inadmissible declarations indirectly through their expert witnesses. Defendants' experts—Kevin Murphy and Catherine Tucker—cite to these declarations in their reports. Murphy Report ¶¶ 142, 165; Tucker Report ¶ 26. While experts are generally permitted to rely on inadmissible evidence in forming their opinions, they may "disclose [such evidence] to the [fact finder] only if their probative value in helping the [fact finder] evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. It is well established that an expert may not simply summarize documents or testimony because those are "lay matters which a [fact finder] is capable of understanding and deciding without the expert's help." *In re Rezulin Prods. Liability Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004). "Expert opinions may be based on hearsay, but they may not be a conduit for the introduction of factual assertions that are not based on personal knowledge." *Estate of Parsons v. Palestinian Authority*, 715 F. Supp. 2d 27, 33 (D.D.C. 2010); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 53 (D.D.C. 2017) ("[T]he cases are clear that an economist's testimony is not admissible where he or she simply reads and interprets evidence of collusion as any juror might . . . unrelated to his or her economic expertise." (internal quotation and citation omitted)); *SEC v. Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013) ("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology."). Professor Murphy and Dr. Tucker have no expertise to offer on the content of the declarations and therefore should also be precluded from testifying about them.

    **IV.**    **Conclusion**

For all of the foregoing reasons, Plaintiffs request that the Court exclude Defendants' declarations and any testimony from Defendants' expert witnesses relying upon those declarations.

Dated: July 13, 2022

*/s/ Travis R. Chapman*
Eric D. Welsh (D.C. Bar No. 998618)
Travis R. Chapman
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Telephone: (202) 598-8681
Fax: (202) 307-5802
Email: eric.welsh@usdoj.gov

Attorneys for United States of America

*/s/ Elizabeth Odette*
Elizabeth Odette
James W. Canaday
Jason Pleggenkuhle
Katherine Moerke
Office of the Minnesota Attorney General
Consumer, Wage and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
Telephone: (651) 728-7208
Email: elizabeth.odette@ag.state.mn.us
Attorneys for State of Minnesota

*/s/ Olga Kogan*
Christopher D'Angelo (D.C. Bar No. 502220)
Olga Kogan
Elinor R. Hoffmann
Amy E. McFarlane
Benjamin J. Cole
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8262
Email: olga.kogan@ag.ny.gov
Attorneys for State of New York